# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:15-CR-1-TLS |
| | ) | |
| GISELA LEYVA-GAMEZ | ) | |

## OPINION AND ORDER

This matter is before the Court on a Letter [ECF No. 303], filed by Defendant Gisela Leyva-Gamez, on November 29, 2017. In her Letter, the Defendant asks the Court for a sentence modification, explaining that she has tried to show the Court that: she has learned a valuable lesson in her conviction and incarceration, has completed a substance abuse program, has not received any write-ups, and has a daughter with whom she would like to reunite.

The Defendant's Letter does not invoke any particular rule or statute. This Court has limited authority to modify a defendant's sentence. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except" upon motion of the Director of the [(Bureau of Prisons)] BOP where certain factors are present, "to the extent otherwise expressly permitted by statute or by Rule 35," or in accordance with a sentencing range that has subsequently been lowered by the Sentencing Commission). The Director of the BOP has not filed a motion with this Court and the Defendant's term of imprisonment was not based on a sentencing range that has been lowered. Rule 35(a) permits correction of a sentence that "resulted from arithmetical, technical, or other clear error" if the district court acts "[w]ithin 14 days after sentencing." Rule 35 also allows a court to reduce a sentence to reward post-sentencing substantial assistance to the prosecution in investigating or prosecuting another

person. Fed. R. Crim. P. 35(b). The Defendant's Letter could not, and does not purport to, invoke Rule 35 as a basis for the requested relief.[1]

Seventh Circuit case law dictates that any post-judgment motion in a criminal proceeding that fits the description of a motion to correct a sentence as set forth in 28 U.S.C. § 2255 should be treated as a request for relief under that statute. *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). Section 2255 permits a federal prisoner to attack her sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Here, the Defendant does not appear to argue that her sentence was based on an incorrect calculation of the guidelines, or was otherwise imposed in violation of or in excess of the law. Instead, the Defendant's Letter reads like a plea for the Court to reduce her sentence because the Defendant has changed her life for the better. Thus, the dictate to construe her Letter as a request for relief pursuant to § 2255 does not apply.

Because the Court has determined that the Defendant's Letter is not a motion for relief pursuant to § 2255, and because the Court otherwise has no authority to modify her sentence, the Court now DENIES the Letter request [ECF No. 303].

SO ORDERED on December 6, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] To the extent that, during her hearing, the Defendant heard mention that she can seek modification, that reference was to the modification of the non-mandatory conditions of supervise release.